UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

04 FEB 23  AM 9:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

COMPETITION MOTOR SPORTS, )
INC. , )
 )
     **Plaintiff,** )
 )
**vs.** )     **Civil Action No. CV-03-S-2623-S**
 )
AMERICAN SUZUKI MOTOR )
CORPORATION, )
 )
     **Defendant.** )

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss (doc. no. 4). Plaintiff alleges that defendant trespassed on its premises.[1]  According to plaintiff, defendant's "District Sales Manager . . . surreptitiously lifted a roll-up garage door to the nonpublic shop area of the dealership, entered the shop[,] and began taking photographs of the inside of the business."[2]  Plaintiff alleges that defendant's actions were taken in order to gain an unfair advantage over plaintiff in business dealings and negotiations.[3]  Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that the Dealer Agreement between plaintiff and

---

[1] See Complaint at unnumbered page 2, ¶ 8 (doc. no. 1).

[2] Id. at ¶ 6.

[3] See id.

defendant authorized defendant to enter and inspect the shop area.[4] Thus, according to defendant, plaintiff consented to defendant's actions when it entered into the Dealer Agreement.

## I. ANALYSIS

### A.    Standard for Dismissal Under Rule 12

Defendant's motion is based upon Federal Rule of Civil Procedure 12(b)(6). To prevail, defendant must show that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984). When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Id.*; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

---

[4] *See* Motion to Dismiss and Supporting Memorandum of Law (doc. no. 4).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)).

**B.      Whether the Dealer Agreement Can Be Considered in a Motion to Dismiss**

Defendant acknowledges the general rule that exhibits in support of motions to dismiss under Rule 12(b)(6) are considered "matters outside the pleadings" so as to convert the motion into a motion for summary judgment. Defendant contends, however, that when documents attached to a motion to dismiss are considered part of the pleadings because they are referred to in the complaint and are central to the plaintiff's claim, the motion to dismiss need not be converted to a summary judgment motion. Defendant cites other circuit precedent in support. *See* Motion to Dismiss and Supporting Memorandum of Law at 4 (citing *GFF Corporation v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997); *Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244 (7th Cir. 1994); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991)).

The Eleventh Circuit, as noted in *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2

3

(11th Cir. 1999), has recognized three circumstances where "the usual rules for considering 12(b)(6) motions are . . . bent." One occurs when copies of documents are *attached* to the plaintiff's complaint. *See Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1368 (11th Cir. 1997) (observing that 12(b)(6) motions are "limited primarily to the face of the complaint *and attachments thereto*") (emphasis added) (*citing* 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1356, at 590-92 (1969)).

Another occurs when a plaintiff *refers to* certain documents in his or her complaint, and those documents are central to the plaintiff's claim. In such a case,

> the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). . . .

*Brooks*, 116 F.3d at 1369. Nonetheless, the contents of such documents must not be in dispute. *Harris*, 182 F.2d at 802 n.2 ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, *provided that its contents are not in dispute*.") (emphasis added).

The final circumstance in which documents other than the complaint may be

taken into account without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment occurs in actions arising under the Private Securities Litigation Reform Act of 1995, § 102(b) of which "directs the district court to consider not only 'any statement cited in the complaint' but also 'any cautionary statement accompanying the forward-looking statement, which are [sic] *not subject to material dispute*, cited by the defendant.'" *Id.* (quoting 15 U.S.C. § 78u-5(e)).

None of the circumstances recognized by the Eleventh Circuit as the exception to the general rule are present in the instant case.  Plaintiff neither attached the Dealer Agreement nor referred to it in its complaint for trespass.[5]  Defendant nonetheless argues that the Dealer Agreement is referenced in the complaint and is central to plaintiff's claims because plaintiff states in its complaint that it "owns and operates a retail motorcycle and motorcycle parts dealership . . . ."[6]  According to defendant, "Alabama law . . . require[s] a motor vehicle dealer to be licensed and to operate under a dealer agreement with a manufacturer,"[7] and, therefore, a dealer agreement must be considered to have been referenced in the complaint and central to plaintiff's claims.  The court disagrees with such "tortured logic"[8] and will not go beyond those

---

[5] *See* Complaint (doc. no. 1).

[6] *Id.* at unnumbered page 2, ¶ 5.

[7] Defendant's Reply to Plaintiff's Response in Opposition to Motion to Dismiss at 2 (doc. no. 10).

[8] Plaintiff's Response to Defendant's Motion to Dismiss at 3 (doc. no. 9).

exceptions specifically enumerated by the Eleventh Circuit.

## II. CONCLUSION

The court may convert a motion to dismiss filed pursuant to Rule 12(b)(6) to a motion for summary judgment when evidence is submitted in support of the motion. *See* Fed. R. Civ. P. 12(b); *see also Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) (holding that district court "has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion," but that once the court decides to do so, "it must convert the motion to dismiss into one for summary judgment") (citations omitted). It is apparent from the briefs, however, that the issue of the scope of consent, if any, and the facts surrounding the nature of the trespass would be relevant in a summary judgment proceeding. Because the parties are in the midst of discovery, and because the dispositive motion deadline has not expired, the court will allow the parties sufficient time as outlined in its Scheduling Order to complete discovery and gather evidence in support and opposition to a motion for summary judgment. The court shall further require defendant to file an answer and to comply with the requirements of summary judgment submissions as outlined in its Initial Order.[9]

Defendant's motion to dismiss is due to be denied. An order consistent with

---

[9] *See* Initial Order, Appendix II (doc. no. 7).

this memorandum opinion will be entered contemporaneously herewith.

DONE this _**23**ʳᵈ_ day of February, 2004.

United States District Judge